UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                                  Case No. 8:15-CR-241-T-33TGW

**JAIME NOLBERTO SALINAS-LOPEZ**
_____/

**SENTENCING MEMORANDUM**

COMES NOW, the Defendant, JAIME NOLBERTO SALINAS-LOPEZ, by and through his undersigned attorney, and hereby files this Sentencing Memorandum, in which he asks this Honorable Court to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing, pursuant to 18 U.S.C. § 3553(a). As grounds in support hereof, Mr. Salinas-Lopez states:

**History of Case**

Mr. Salinas-Lopez is charged in the instant case with Conspiracy to Possess with the Intent to Distribute, and to Distribute, Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Mr. Salinas-Lopez was arrested on July 3, 2015, but detained since June 17, 2015, after the Coast Guard intercepted a go-fast vessel in international waters that was transporting 11 bales (approximately 528 kilograms) of cocaine. PSR ¶ 11. On September 3, 2015, Mr. Salinas-Lopez pled guilty pursuant to a written plea agreement, this Court accepted the plea, and the matter is set for sentencing on November 12, 2015. PSR ¶ 9.

The Pre-Sentence report has been discussed with Mr. Salinas-Lopez and his only objection to the report prepared by the United States Probation Officer is the failure to give an adjustment for minor role. He stands ready to be sentenced by this Court and offers the following information to assist the Court in imposing a reasonable sentence.

**Background**[1]

Mr. Salinas-Lopez was born in the small village of Tecojate, Escuintla, Guatemala on May 17, 1982. He grew up with two brothers and two sisters, and his parents worked hard to provide for the family. Mr. Salinas-Lopez's family was extremely poor, much like the other families in his village. He lived in a small home that had two rooms, with no running water or electricity. In order to eat, his family had to cook their food outdoors with firewood. There wasn't much opportunity for him or his siblings to go to school, and Mr. Salinas-Lopez is unable to read or write in the Spanish language.

Tragedy struck his family when his mother became extremely ill as a result of untreated stomach ulcers. At the age 14, Mr. Salinas-Lopez stood vigil by her side for 10 days, but she succumbed to her illness, and died in his arms. After the death of his mother, Mr. Salinas-Lopez felt as though his life was over. He became extremely depressed and withdrawn, and found it hard to remain in the home. Mr. Salinas-Lopez ventured off on his own, and moved to Rama Blanca, where he learned to fish and began supporting himself.

Mr. Salinas-Lopez worked hard as a fisherman, and although he didn't make much money, he sent his father money when he could. He had a relationship with Leydi Estrada Cocon for 5 years, and had a son, Brian, who is now 9 years old. The relationship was

---

[1] Background information is taken from the Presentence Report and counsel's interviews of Mr. Salinas-Lopez.

tumultuous and they eventually split up. For the first year after the break up, Mr. Salinas-Lopez was able to enjoy visits with his son – he recalls the times they played on the beach, and enjoyed watching him learn something new almost daily. However, his joy was taken from him when his girlfriend began to refuse visits after he questioned her about abusing their son. The more he questioned or complained about the abuse, she became more enraged and took it out on their son. After being threatened by her stepfather, Mr. Salinas-Lopez chose to discontinue visits with his son in fear that the abuse would escalate. He misses his son dearly, and not a day goes by that he doesn't think about him. He hopes to see him one day soon, and plans on pursuing legal action when he returns to Guatemala.

**Factors supporting a Variance/Departure**

The defense would submit that Mr. Salinas-Lopez is a good candidate for rehabilitation and that an analysis of the 18 U.S.C. § 3553(a) factors support a finding that the advisory guideline imprisonment range in Mr. Salinas-Lopez's case is greater than necessary to accomplish the purposes of sentencing and that a departure/variance in Mr. Salinas-Lopez's case would be appropriate (the probation officer also identified factors that warrant a sentence outside of the advisory guideline system – *See* PSR ¶71).

1. Mr. Salinas-Lopez pled guilty to the charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, subject to the jurisdiction of the United States. He had very little knowledge of the scope and structure of the criminal activity, and he did not participate in planning. Mr. Salinas-Lopez was not the captain, did not have any decision making authority, and his role was limited to that of a courier. Although he was offered payment to transport the cocaine, the payment would have

been meager in comparison to the street value of the cocaine ($10,560,000 – based on $20,000/per kilo x 528 kilos on boat).

2.      Mr. Salinas-Lopes is a 33 year old man who had a difficult life and faced numerous tragedies along the way. He is uneducated and does not have the necessary skills or the opportunity to advance his education to increase his earning power. Mr. Salinas-Lopez engaged in this crime motivated by the desire to eat and survive, and to provide a better opportunity for his son. Accordingly, when presented with a lucrative, albeit illegal, opportunity, Mr. Salinas-Lopez accepted, with the goal of improving his life, and caring for his son.

3.      Mr. Salinas-Lopez understands the seriousness of his conduct and is remorseful for having committed this offense. He accepts that he must be punished; however he believes his vulnerability and minor role in the offense, along with his timely cooperation with the government, are factors this Court should consider in fashioning an adequate and just punishment.

WHEREFORE, because a sentence less than the guidelines honors the factors enumerated in 18 U.S.C. § 3553(a), and is "sufficient but not greater than necessary" to achieve the purposes of sentencing, the Defendant, Jaime Nolberto Salinas-Lopez, respectfully request this Honorable Court grant a variance that would acknowledge his minor role, cooperation, and his imminent deportation.

DATED this 23rd day of October, 2015.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/ Yvette C. Gray*
Yvette C. Gray
Arizona Bar No.0016516
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:   (813) 228-2715
Facsimile:   (813) 228-2562
Email:   Yvette_Gray@fd.org


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of October, 2015, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to:

AUSA James R. Zoll

*/s/ Yvette C. Gray*
Yvette C. Gray
Assistant Federal Defender